IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT COX<br>282 Pavonia Circle<br>Marlton, NJ<br><br>      Plaintiff,<br>v.<br><br>ELITE ENERGY LLC<br>132 Route 70<br>Medford, NJ 08055-2372<br><br>    and<br><br>BUNH LE<br>c/o Elite Energey LLC<br>132 Route 70<br>Medford, NJ 08055-2372<br><br>      Defendants. | CIVIL ACTION<br><br>DOCKET NO.:<br><br>**COMPLAINT AND JURY DEMAND** |

## CIVIL ACTION COMPLAINT

Robert Cox (hereinafter referred to as "Plaintiff" unless otherwise indicated) hereby complains as follows against Defendants Elite Energy LLC and Bunh Le (hereinafter collectively referred to as "Defendants" unless otherwise indicated).

### INTRODUCTION

1. Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act, the New Jersey Wage and Hour Law, and the New Jersey Conscientious Employee Protection Act ("CEPA"). Plaintiff asserts that Defendants failed to pay him at least 1.5 times his hourly rate for hours worked in excess of forty per week. In addition, Plaintiff asserts he was terminated for complaining about not being paid overtime and being paid unlawfully, in violation of the FLSA, the NJ Wage and Hour Law, and CEPA.

## PARTIES

2. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3. Plaintiff Robert Cox is an adult *sui juris* individual with an address as set forth above.

4. Defendant Elite Energy LLC ("Elite") is a New Jersey Corporation which operates a principal place of business at the address indicated in the caption.

5. Elite operates a Lukoil gas station at the address indicated in the caption.

6. Defendant Buhn Le ("Le") is the owner of Elite.

7. At all times relevant herein, Le exercised control over payments issued to Plaintiff.

8. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff was hired by Defendants in January of 2008.

11. Plaintiff was a petroleum distribution engineer.

12. Plaintiff's primary duty while employed by Defendants was to pump gas for customers.

13. Plaintiff did not exercise discretion or independent judgment with respect to matters of significance to perform his routine job duties.

14. Plaintiff did not manage Defendant or a customarily recognized department of Defendant, and he has no supervisory authority over other employees of Defendant.

15. Plaintiff was regularly scheduled to work, and did regularly work, in excess of forty (40) hours per workweek.

16. Plaintiff was not paid at least one and one-half times his regular hourly rate of pay for hours worked in excess of forty per workweek.

17. Instead, Plaintiff was paid unlawfully in cash for any hours he worked in excess of forty hours per week.

18. Plaintiff's base rate was $8.00 per hour.

19. For each hour worked in excess of forty per week, Defendants paid Plaintiff $6.00 per hour in cash.

20. Plaintiff complained about his lack of overtime, his lack of minimum wage payments, and the unlawful cash payments of Defendants shortly before his termination.

21. Plaintiff was terminated in retaliation for his complaints.

**Count I**
**Fair Labor Standards Act (FLSA)**
**(overtime compensation)**

22. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

23. At all times relevant herein, Defendants have and continue to be employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

24. Neither Defendant is a State or local government employer within the meaning of Section 207(o) of the FLSA.

25. At all times relevant herein, Defendant Li was responsible for paying wages to Plaintiff.

26. Defendant Li acted directly and/or indirectly in the interest of Defendants in relation to Plaintiff.

27. At all times relevant herein, Plaintiff was employed with Defendants as an "employee" within the meaning of the FLSA.

28. Under the FLSA, an employer must pay a non-exempt employee at least one and one half times hid hourly rate for each hour worked in excess of forty per week.

29. Defendants' violations of the FLSA include, but are not limited to:

   a. not paying Plaintiff at least 1.5 times his regular hourly rate of pay for all hours worked in excess of forty per workweek;

   b. not using proper record keeping to ensure that Plaintiff was paid for each and every hour he worked;

   c. not paying Plaintiff minimum wage for his overtime hours; and

   d. terminating Plaintiff for complaining of FLSA violations.

## Count II
## Fair Labor Standards Act (FLSA)
### (minimum wage)

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. At all times relevant herein, the minimum wage was $7.15 per hour.

32. For hours worked in excess of forty, Defendants only paid Plaintiff $6.00 per hour.

33. Defendants paid Plaintiff under minimum wage, in violation of the FLSA.

### Count III
### Fair Labor Standards Act (FLSA)
### (Retaliation)

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. In December of 2008, and January and February of 2009, Plaintiff complained that he was being paid overtime unlawfully.

36. Specifically, he complained that he was earning less than minimum wage, not being paid time and one-half for overtime, and not being paid all his wages by W2.

37. Shortly thereafter, Defendants terminated Plaintiff.

38. Plaintiff was terminated because of his complaints concerning overtime, minimum wage, and legal payment.

39. Defendant's aforementioned retaliatory conduct violated the FLSA.

### Count IV
### New Jersey Wage and Hour Law
### (overtime compensation, retaliation)

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. The aforementioned conduct of Defendants violated the New Jersey Wage and Hour Law.

...

### Count V
### New Jersey Minimum Wage Law
### (Minimum Wage, Retaliation)

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. The aforementioned conduct of Defendants violated the New Jersey Minimum Wage Law.

### Count VI
### New Jersey Conscientious Employee Protection Act
### (Retaliation)

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. Plaintiff complained that he was not paid all his wages pursuant to tax laws via W2 within days of his termination.

46. Plaintiff further complained that a substantial amount of his wages was paid unlawfully to him without appropriate deductions, including deductions for unemployment and income tax.

47. Plaintiff was terminated for complaining about Defendant's unlawful wage policies.

48. Defendant Li fired Plaintiff.

49. The aforementioned conduct of Defendants violated CEPA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of the FLSA.

Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of the New Jersey Wage and Hour Law.

Defendants are to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld.

Plaintiff is to be awarded liquidated damages pursuant to FLSA and punitive damages pursuant to the New Jersey Wage and Hour Law and CEPA.

Plaintiff is to be accorded damages for his emotional distress and any and all other equitable and legal relief as the Court deems just, proper and appropriate;

Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

Any verdict in favor of Plaintiff and other similarly situated employees is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law.

Respectfully submitted,

KARPF, KARPF & VIRANT

By: /s/ Justin Swidler
Justin Swidler, Esq.
3070 Bristol Pike
Bldg. 2, Ste. 231
Bensalem, PA 19020
(215) 639-0801

Date: August 27, 2009