# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT COX, | : | CIVIL ACTION NO. 09-4444(NLH-JS) |
| Plaintiff(s), | : | |
| v. | : | |
| ELITE ENERGY LLC, ET AL., | : | |
| Defendant(s), | : | |

## CIVIL JUDGMENT

**IT APPEARING** that an Arbitration Award was filed on January 4th, 2011, and that 30 days have elapsed from the entry of the award without any party demanding a trial de novo;

**IT IS** on this 8th day of February, 2011,

**ORDERED** that in accordance with the Arbitration Award and Local Civil Rule 201.1(g), the Arbitration Award is UNSEALED and JUDGMENT is entered.

BY THE COURT:

Noel L. Hillman

**NOEL L. HILLMAN**
**UNITED STATES DISTRICT JUDGE**

ATTEST:

BY: s/James Quinlan, Arbitration Clerk

DNJ-Arb-003

**FILED**

**JAN - 4 2011**

AT 8:30_____M
WILLIAM T. WALSH
CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT COX, | CIVIL ACTION |
| Plaintiff | DOCKET NO. 09-4444 |
| v. | ARBITRATION AWARD |
| ELITE ENERGY, LLC and | PURSUANT TO LOCAL CIVIL |
| BUNH, LEE | RULE 201.1 |

This matter came on to be heard on December 23, 2010. Justin L. Swidler, Esquire appeared on behalf of the Plaintiff. Anthony F. DiMento appeared on behalf of the Defendants. The Arbitrator, having been duly certified and sworn, considered the testimony of the witnesses and the submissions of the parties, and makes the following award pursuant to Local Civil Rule 201.1:

Prevailing party:  Plaintiff/Defendant:  _____PLAINTIFF_____

Amount of the Award: $ _2,962.26 AND PETITION THE COURT FOR LEGAL FEES_

**Arbitration Award in favor of Plaintiff**
**against Employer, Elite Energy, LLC.**
**No Cause as to Bunh Lee.**
_____
Barry J. Wendt, Esquire, Arbitrator

## NOTICE

This award will become a final judgment of the Court, without the right of appeal, unless a party files with the Court a Demand for a Trial De Novo within thirty (30) days after the entry of the Arbitration Award pursuant to Local Civil Rule 201.1.(g).

Plaintiff contends that he was employed as a gas station attendant at a pay rate of $8.50 per hour. He contends that he worked 84 hours per week for four months, 72 hours per week for seven months, and 60 hours per week for one month. He seeks damages for overtime totaling $12,890.00 plus liqudated damages of another $12,890.00 pursuant to 29 U.S.C. 216 [which may or may not be unconstitutional according to Westlaw], for a total of $25,780.00.

Plaintiff contends that his employer improperly withheld wages if his cash drawer was short, a violation of N.J.S.A. 34:11-4.4. This claim totals $442.00. Plaintiff also seeks compensation for overtime totaling $659.18. The total is $1,101.18. Doubled with liquidated damages, the claim totals $2,202.36.

Plaintiff's total claims amount to $25,780.00 + $2,202.36 = $27,982.36.

Plaintiff also seeks attorney's fees and costs.

Defendant contends that the Plaintiff never worked over 40 hours per week and therefore the entire claim should be denied.

The conflicting testimony and documentation was reviewed by the Arbitrator. The Arbitrator finds as follows:

_____

_____

_____

_____

## CLAIM FOR $25,780.00 OF OVERTIME

Plaintiff's primary claim is for unpaid overtime. He testified that he worked 84 hours per week for 4 months, 72 hours per week for 7 months, and 60 hours per week for 2 months, yet he was only paid for 40 hours by check at the rate of $8.50 per hour with the balance being paid at the rate of $6.00 per hour in cash. Three Defendants testified (two in person, one by deposition) that the Plaintiff never worked more than 40 hours per week.

There is a huge credibility gap between the parties. Plaintiff seeks $12,890.00 doubled with liquidated damages for this claim. Of significance:

> Plaintiff testified alone; he did not call his girlfriend or anyone else to substantiate the overtime work.

> While Plaintiff testified he spoke to the owner, he did nothing to pursue the claim until after he was terminated, suffering a loss of 13 months of overtime.

> Plaintiff produced no income tax records.

> Plaintiff accepted $6.00 in cash for his overtime.

Admittedly, the Defendants' records are in shambles. Julie Le testified that she called in days and hours to her father who prepared a spreadsheet of days worked, time in and time out of work (Exhibit 4). Defendants produced pay stubs (Exhibit 2). Someone prepared handwritten records of dates worked and hours of work (Exhibit 3). None of these exhibits are consistent. Critical records are missing. The office computer with all payroll records were lost to a burglary. Mr. Ngo's records from his personal computer were lost when the computer crashed. There is no question that the Defendants exhibits are inconsistent and conflicting.

**Conclusion**: All the Arbitrator has to make the decision is the conflicting testimony of the witnesses. Recognizing the deficiencies in both cases along with the fact that the Plaintiff has the burden of proof, the Arbitrator finds the parties in equipoise. Neither party has established a position on overtime to a preponderance of the evidence, so the finding is **NO CAUSE** as to Plaintiff's claim for $25,780.00.

**The award is $0.00.**

## CLAIM FOR SHORTAGES AND SPECIFIC HOURS OF OVERTIME PER RECORDS

These claims are different. Exhibit 1 is a posted company policy stating that any shortages will be automatically deducted from the employee's paycheck. Julie Le, Manager, testified that this was the company policy and money was withheld from the Plaintiff's paycheck. Such withholding is unlawful under N.J.S.A. 34:11-4.4. The improperly withheld amount of wages appears to total $442.00.

In addition, even the records produced by the Defendants appear to confirm a shortage of 81.5 hours of overtime entitling the Plaintiff to recover $1,039.13. While Defendants argue that such relief is unwarranted because the Fair Labor Standards Act does not apply, the Arbitrator disagrees. The Arbitrator finds that the sale of gasoline is a business conducted in interstate commerce. Also the Arbitrator leaves to the parties the obligation to prove or disprove the fact that the employer does or does not earn gross income of $500,000.00. For purposes of this hearing, the Arbitrator accepts the testimony of the Plaintiff which may overcome the gross earnings threshold.

Plaintiff's combined claim for improper deductions and lack of payment for specific overtime totals $1,481.13. Plaintiff argues that the Defendant's records were prepared in bad faith so he is entitled to liquidated damages, doubling the amount, bringing the total to $2,962.26. Defendants argue that they did the best they could given the burglary and computer crash so there should be no liquidated damages under 29 U.S.C. section 260. For purposes of this issue, the Arbitrator finds that the employer has not adequately established good faith in the preparation of its own records.

**Conclusion: Plaintiff is entitled to recover $2,962.26**.

**Attorney's fees and costs**. Plaintiff's counsel will be required to submit a petition for legal fees pursuant to 29 U.S.C. 216(b), but the time for filing such a fee petition shall not begin until 30 days after the Arbitration award is entered and after the time for appeal has expired.