ELKIND AND DIMENTO, P.A.
2090 East Route 70
Cherry Hill, N.J. 08003
856.424.7800
GE-7902
Attorney for Defendants Elite Energy, LLC., and Bunh Le

| | |
|---|---|
| ROBERT COX, | : US DISTRICT COURT |
| | : DISTRICT OF NEW JERSEY |
| Plaintiff(s) | : CAMDEN |
| | : |
| | : <u>ELECTRONICALLY FILED</u> |
| v. | : Docket No. 09-4444 |
| | : CIVIL ACTION |
| | : |
| ELITE ENERGY, LLC and BUNH LE, | : |
| | :DEFENDANT'S OPPOSITION TO |
| | :PLAINTIFF'S PETITION FOR |
| Defendant(s) | :ATTORNEY FEES |

<u>**RESPONSIVE STATEMENT TO PLAINTIFF'S STATEMENT OF FACTS**</u>

1. Admit.

2. Denied as Stated. Admit that Judgment was entered on February 8, 2011 incorporating the parties' Arbitration Award dated December 23, 2010. The Arbitration Award granted Plaintiff the amount of $2962.26. It is denied that the Arbitration Award and/or judgment entered was for $2962.26 plus attorney fees as the Arbitration Award merely allowed Plaintiffs the opportunity to petition the Court for legal fees.

3. Denied.

4. This statement does not require a response by Defendant. As such, the Plaintiffs are left to its proofs.

5. This statement does not require a response by Defendant. As such, the Plaintiffs are left to its proofs.

**WHEREFORE**, Defendants respectfully request that this Honorable

1

Court deny Plaintiff's petition for attorneys fees.

### I. THE NUMBER OF HOURS BILLED BY JUSTIN L. SWIDLER, ESQUIRE ARE UNREASONABLE.

Mr. Swidler claims he graduated from law school in 2007 and has practiced Federal Employment Law for his entire career. He claims to have litigated roughly 163 Federal cases, nearly all of which were Civil Rights and/or Employment cases and Mr. Swidler relies on his background, education and experience in justifying his billing rate of $250.00 per hour for the instant matter.

The time spent on this matter does not comport with the experience and expertise claimed by Mr. Swidler and are more akin to a first year associate's attempt to re-create the wheel. Mr. Swidler's billing invoice contains within it numerous instances of exaggerated and unnecessary billing which will be discussed at length below.

The Plaintiff's Complaint alleges violations of the Fair Labor Standards Act, the New Jersey Wage an Hour Law and the New Jersey Consienscious Employee Protection Act. The Complaint has a total of seven pages and is made up of six separate Counts. A review of Mr. Swidler's billing invoice shows that it took him 6.2 hours reflecting a total cost of $1550.00 for the drafting of the Complaint. A review of the Plaintiff's Complaint, annexed as Exhibit 1 to the Certification of Anthony F. DiMento, Esquire, dated March 7, 2011, shows how inflated the claimed 6.2 hours is in light of the modest Complaint. First, the Complaint in its entirety contains only 49 paragraphs. Seven of those paragraphs

are within the identification of parties. Secondly, this matter did not involve a novel area of law nor was it a highly fact intensive matter. This is evidenced by the fact that the factual background contains merely 15 paragraphs. Lastly, the remainder of the Complaint is made up of six Counts which each averaging a total of 4.6 paragraphs. This Complaint should have taken an attorney with Mr. Swidler's experience, experience and education no longer than one hour to draft and finalize. As such, a total of 5.2 hours or $1,400.00 should be deducted from the billable hours claimed by Mr. Swidler.

On December 4, 2009 Mr. Swidler bills 2 hours for drafting and service of the Plaintiff's first set of interrogatories and Request for Production of Documents. The interrogatories contained 14 separate interrogatories all of which appear to be "form" questions. The Request for Production of Documents again appears to be "form" requests and is comprised of 22 separate document requests. It should not have taken 2 hours for an attorney with Mr. Swidler's experience in handling employment litigation to draft the discovery propounded on Defendants. At most, the discovery propounded should have taken 0.5 hours to compose. As such, a total of 1.5 hours or $375.00 was over billed for this entry and should therefore be deducted from the total hours claimed by Mr. Swidler.

This matter was resolved at an Arbitration which lasted a total of 4 hours and was held on December 23, 2010. In preparation for the Arbitration, Mr. Swidler billed a total of 49.2 hours for

a total cost of $12,300.00. The billing entries leading up to the December 23, 2010 Arbitration are egregious. Counsel is at a loss as to how Mr. Swidler can claim that over a 4-day period he worked for 49.2 hours in preparing for this Arbitration. That is an average of 12.3 hours per day from December 19, 2010 through December 22, 2010 on a case whose subject matter was remedial at best.

Included in the 49.2 hours was the time billed for Mr. Swidler's drafting of Plaintiff's Arbitration Memorandum. Plaintiff's Arbitration Memorandum is a total of 14 double spaced pages and did not include a single exhibit and/or attachment. The arguments set forth in Plaintiff's Arbitration Memorandum again were not novel nor fact intensive. Despite this fact, Mr. Swidler claims it took 21.2 hours to draft the Plaintiff's Arbitration Statement reflecting a total cost of $5300.00.

In contrast, the Defendant's Arbitration Memorandum was 4 double spaced pages and contained 37 pages of exhibits. Mr. DiMento billed a total of 5 hours reflecting time spent conducting research, drafting the Arbitration Memorandum, reviewing documents for the Arbitration, and preparing the two witnesses to testify at the Arbitration.

## II. THE FEES AND COSTS INCURRED ARE DISPROPORTIONATE TO THE AMOUNT OF THE CLAIM AT STAKE AND IN LIGHT OF PLAINTIFF'S FAILURE TO PROVE HIS CLAIM.

A prevailing party's fee application must document "fairly definite information as to the hours devoted to various general

4

activities," enabling the Court to determine if the hours are reasonable. <u>Pawlak v. Greenawalt</u>, 713 F. 2d 972, 978 (3d Cir. 1983). The Third Circuit established the lodestar standard for calculating attorney fees in <u>Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.</u>, 487 F.2d 161 (3d. Cir. 1973). The lodestar method aims to award the prevailing attorney with a fee that approximates that which he or she would have received had he or she been representing a paying client who was billed by the hour in a comparable case. <u>Perdue v. Kenny</u>, 130 S.CT. 1662 (2010). A reasonable fee under the lodestar approach is one that is "sufficient to induce a capable attorney to undertake representation of a meritorious civil rights case." Id. at 1672. There are two components to the reasonable fee analysis: 1) the rate charged; and 2) the time expended.

Hours which were not reasonably expended must be excluded from the fee calculation. <u>Hensley Gisbrecht v. Barnhart</u>, 535 US 789 (2002). Hours which are excessive, redundant, or otherwise unnecessary are not reasonably expended. <u>Rode v. Dellarciprete</u>, 892 F. 2d 1177, 1183 (3d. Cir. 1990). The party seeking attorney fees bears the burden to prove the reasonableness of the fee request. <u>Rode at 1183.</u>

Plaintiff's claim for legal fees is unreasonable. The undersigned has been practicing employment law and civil rights litigation for over 30 years. The representation of Defendants in this matter lasted for 1 and a half years. During the course of representation, the defendants have incurred legal fees in the

5

amount of $7238.75, independent of costs of suit and a total of 32.9 hours billed by my office. See invoice for legal services annexed as Exhibit 5 to the certification of Anthony F. DiMento, Esquire, dated March 7, 2011.

The hours expended on behalf of the Defendants should be used as a scale in determining the reasonableness of Plaintiff's legal fees. According to Plaintiff's Arbitration Memorandum, Plaintiff's alleged damages were merely $14,371.13 in wages. This amount was then increased to $28,742.26 to include liquidated damages. It is simply not reasonable to expend 93.8 hours or $23,450.00 chasing an alleged wage loss of $14,371.13. Had the Plaintiff been a billable client, Mr. Swidler would have had a duty to inform his client of the danger of such an endeavor. However, one can only assume that because Mr. Swidler believed that he would get attorney fees is he was successful, that the egregious billing was justified in chasing such a small amount of damages.

For further proof of how poor the Plaintiff's case was one need only look to the Arbitration Award int his matter. As a result of the lack of evidence produced by Plaintiff and the general weakness of Plaintiff's claims, the Arbitrator rendered a finding of "NO CAUSE" as to Plaintiff's claim for unpaid overtime in an amount of $25,780.00, which included wages of $12,890.00 and liquidated damages of $12,890.00. The Arbitrator then found that the evidence produced could only support an award reflecting $442.00 in unlawful payroll deductions and/or withholdings and an overtime shortage of 81.5 hours reflecting a total wage loss of

6

$1481.13. The award was then doubled allowing for liquidated damages bringing the total to $2962.26.

The fact remains that Plaintiff's case was weak and Plaintiff had little concrete evidence in support of his allegations. Knowing this, Mr. Swidler turned a blind eye, and continued with the representation. Now, Mr. Swidler has the audacity to expect an award of attorney fees in the sum of $26,967.50. This amount is especially alarming in light of the over 50.2 hours or $12,550.00 in egregious over billing by Mr. Swidler.

### III. PLAINTIFF HAS FAILED TO ESTABLISH THROUGH CONCRETE EVIDENCE WHY AN ENHANCEMENT OF THE LODESTAR SHOULD BE AWARDED.

Because there is strong presumption that the lodestar represents the reasonable fee for purposes of a fee award, enhancements of the lodestar amount are only awarded in rare and exceptional circumstances. Hensley at 435. The fee applicant must prove by a preponderance of the evidence that an upward adjustment is required to secure a reasonable fee. Id. The fee applicant must rely on specific evidence that will result in a calculation that is objective and capable of being reviewed on appeal. Perdue at 1673. Furthermore, an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation. City of Burlington v. Dague. 505 US 557, 562-63 (1992).

Plaintiff has provided no substantive evidence as to why an enhancement of the lodestar should be awarded in this matter. Plaintiff has not shown that the time, skill and labor expended by his counsel are of such an exceptional nature that an enhancement

would be justified. Plaintiff argues that he is entitled to an upward adjustment because he took his client's matter on a contingency basis and therefore risked non payment.

In order to be awarded a contingency multiplier, Plaintiff must make a substantial showing of fact, particularly concerning the local contingent fee market. <u>Cerva v. E.B.R. Enterprises, Inc.</u>, 470 F. Sup. 1099, 1106 (E.D. Pa 1990). To obtain a contingency multiplier, the applicant must establish:

    1. Heavy market treats contingency fee cases as a class different from hourly fee cases;
    2. The degree to which the relevant market compensates for contingency;
    3. That the amount determined by the market to compensate for contingency is not more than would be necessary to attract competent counsel both in the relevant market and in its case; and
    4. That without an adjustment for risk the prevailing party would have faced substantial difficulties in finding counsel in the local or other relevant market.

<u>Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air</u>, 483 US 7 11 (1987).

In arguing for a lodestar enhancement, the Plaintiff reasons that an enhancement should be granted because the case was taken entirely on a contingency fee basis and that had the Plaintiff's case failed, Mr. Swidler would have earned nothing. However, Plaintiff's reasoning fails to satisfy the standards enunciated in <u>Delaware Valley II.</u> and Plaintiff has failed to supply any concrete evidence in support of the <u>Delaware Valley II</u> factors. Plaintiff has failed to present any evidence showing what an appropriate contingency figure for the relevant market for this type of case is. In fact, without supplying any analysis as to how hourly rates
8

relate to contingency compensation or providing a comprehensive market-based survey of local fee agreements, Plaintiff has decided that a 15% enhancement to the lodestar is warranted.

## CONCLUSION

It is submitted that counsel fees, if any, should be limited to the reasonableness of the recovery. Plaintiff's award for wrongful withdrawal of income from his pay check was never pled nor sought in Plaintiff's original Complaint. Furthermore, my review of N.J.S.A. Title 34 does not provide for attorney fees for this particular award. The extent of Plaintiff counsel's work does not justify the recovery.

Dated: March 7, 2011

Elkind and DiMento, P.A.
Attorneys for Defendants
Elite Energy, LLC., and
Bunh Le

By: ANTHONY F DiMENTO, ESQUIRE