```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ROBERT COX, | : |
| | : Civil Action No. |
| Plaintiff, | : 09-4444-NLH-JS |
| | : |
| v. | : **OPINION** |
| | : |
| ELITE ENERGY LLC and | : |
| BUNH LE, | : |
| | : |
| Defendants. | : |

**APPEARANCES**:

Justin L. Swidler, Esquire
Swartz Swidler, LLC
1878 Marlton Pike East
Suite 10
Cherry Hill, NJ 08003

Ari R. Karpf, Esquire
Karpf & Karpf, P.C.
3331 Street Road
Suite 128
Two Greenwood Square
Bensalem, PA 19020
*Attorneys for Plaintiff*

Gary Neil Elkind, Esquire
Elkind & DiMento, P.A.
2090 East Route 70
Cherry Hill, NJ 08003
*Attorneys for Defendants*

**HILLMAN, District Judge**

**I.   INTRODUCTION**

This matter comes before the Court on the motion of Plaintiff, Robert Cox, to recover attorney's fees from Defendants, Elite Energy LLC and Bunh Le. After reviewing the documents submitted and the arguments of the parties set forth in

the motion papers, Plaintiff's motion will be granted in part and denied in part and the requested fee reduced as set forth below.

## II. BACKGROUND

On August 27, 2009, Plaintiff initiated this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter, "FLSA"). Plaintiff alleged in the complaint that he was hired by Defendants in January 2008 and that his primary duty while employed by Defendants was to pump gas. (Compl. ¶¶ 10, 12.) Plaintiff contended that he was regularly scheduled to work, and regularly worked, in excess of forty hours per week. (Id. at ¶ 15.) Plaintiff averred that his base rate of pay was $8.00 per hour, and that for each hour worked in excess of forty hours per week, he was paid $6.00 per hour in cash. (Id. at ¶¶ 18, 19.) Plaintiff argued that Defendants' failure to pay him at least one and one-half times his regular hourly rate for overtime hours violated the overtime provisions of the FLSA. (Id. at ¶ 29.) Plaintiff additionally contended that by paying Plaintiff only $6.00 per hour for each hour worked in excess of forty hours per week, Defendants violated the minimum wage provisions of the FLSA because the prevailing minimum wage was purportedly $7.15 per hour. (Id. at ¶¶ 29, 31-33.)

Plaintiff also asserted that Defendants violated the FLSA by failing to keep proper records to ensure that Plaintiff was paid for each hour he worked. (Id. at ¶ 29.) Moreover, Plaintiff

alleged that when he complained that he was earning less than minimum wage, was not being paid one and one-half times his regular hourly rate for the overtime hours worked, and was being paid in cash, Defendants retaliated against him by terminating Plaintiff's employment. (Id. at ¶¶ 20-21.) Plaintiff consequently asserted a claim for retaliation under the FLSA. (Id. at ¶¶ 35-39.) Plaintiff also asserted that Defendants' conduct violated the New Jersey Wage and Hour Law, the New Jersey Minimum Wage Law, and the New Jersey Conscientious Employee Protection Act. (Id. at ¶¶ 40-49.)[1]

Defendants filed an answer to the complaint on November 5, 2009. By Order dated May 18, 2010, this case was referred to arbitration pursuant to Local Civil Rule 201.1.[2] (Am. Scheduling Order ¶ 4, May 18, 2010.) An arbitration hearing was held on December 23, 2010, and the arbitrator entered an award in the amount of $2,962.26. (Arbitration Award [Doc. No. 21] 1.) With respect to Plaintiff's claim for overtime hours that Plaintiff allegedly worked but for which he was not paid, the arbitrator

---

1. In his arbitration statement, Plaintiff gave "notice that he will not proceed on his retaliation claims[.] . . ." (Aff. of Justin L. Swidler, Esq. in Reply to Defs.' Opp. to Pl.'s Mot. for Att'y Fees [Doc. No. 27], Ex. A at 1.)

2. Local Civil Rule 201.1(d) provides: "[T]he Clerk shall designate and process for compulsory arbitration any civil action pending before the Court where the relief sought consists only of money damages not in excess of $150,000 exclusive of interest and costs and any claim for punitive damages."

found that "[n]either party has established a position on overtime to a preponderance of the evidence," and thus found no cause as to Plaintiff's claim for $12,890.00 plus liquidated damages. (Id. at 3.) The arbitrator did award Plaintiff 81.5 hours of overtime pay, noting that "even the records produced by the Defendants appear to confirm a shortage of 81.5 hours of overtime entitling the Plaintiff to recover $1,039.13." (Id. at 4.) Additionally, the arbitrator found that wages in the amount of $442.00 were improperly withheld from Plaintiff's paycheck to account for money that was purportedly missing from Plaintiff's "cash drawer," which the arbitrator found constituted a violation of N.J. Stat. Ann. § 34:11-4.4. (Id. at 2-3.) Thus, the arbitrator concluded that Plaintiff was entitled to recover $1,481.13, and he further found that Plaintiff was entitled to liquidated damages, doubling the recovery to $2,962.26. (Id. at 4.) No party demanded a trial de novo, and the Court entered judgment on February 8, 2011 in the amount of the arbitration award. (Civil Judgment [Doc. No. 21], Feb. 8, 2011.)

On February 16, 2011, Plaintiff filed the instant application seeking an award of attorney's fees in the amount of $26,967.50.[3] Plaintiff specifically seeks reimbursement for 93.8 hours of time at an hourly rate of $250.00, for a total of

---

3. The arbitration award provided that Plaintiff may "petition the Court for legal fees." (Arbitration Award 1.)

$23,450.00, plus an enhancement of fifteen percent. (Mem. of Law in Supp. of Pl.'s Pet. for Att'y Fees [Doc. No. 22-1] (hereinafter, "Pl.'s Br.") 6.) In support of the request, Plaintiff submits the affidavits of three attorneys who opine that a billing rate of $250.00 per hour is reasonable and appropriate based on Plaintiff's counsel's experience and area of expertise in the communities within which counsel practices.[4] Plaintiff also submits an itemized statement of the time expended by counsel in this matter. (Aff. of Justin L. Swidler, Esq. [Doc. No. 22-3], Feb. 2, 2011, Ex. A.) Plaintiff requests a fifteen percent enhancement to compensate for the risk of non-payment given the contingent nature of the representation. (Pl.'s Br. 6.)

In opposition to the application for fees, Defendants do not challenge the reasonableness of the hourly rate sought by Plaintiff's counsel, but rather contend that the hours expended were excessive in light of counsel's stated expertise and the relatively uncomplicated nature of the case. (Defs.' Opp. to Pl.'s Pet. for Att'y Fees [Doc. No. 26] (hereinafter, "Defs.' Br.") 2.) Defendants specifically object to the number of hours that Plaintiff's counsel purportedly spent drafting the

---

4. Plaintiff's motion includes the Affidavit/Certification of David Zatuchni, Esquire [Doc. No. 22-5], the Affidavit/Certification of Edward T. Groh, Esquire [Doc. No. 22-6], and the Affidavit/Certification of Mark Mulick, Esquire [Doc. No. 22-7].

complaint, interrogatories, document requests, and arbitration memorandum, and the time spent in preparation for the arbitration hearing.  (Id. at 2-4.)  To demonstrate the excessive nature of the 93.8 hours expended by Plaintiff's counsel in this matter, Defendants note by way of comparison that defense counsel billed only 32.9 hours in this case.  (Id. at 5-6.)  Furthermore, Defendants argue that it was unreasonable for Plaintiff's counsel to expend 93.8 hours and accrue $23,450.00 in legal fees when the total damages sought were only $28,742.26.  (Id. at 6.)  With respect to Plaintiff's request for a fifteen percent enhancement, Defendants assert the Plaintiff fails to provide evidence that an enhancement is warranted.  (Id. at 7-8.)[5]

In reply, Plaintiff's counsel submits an affidavit in which he asserts that the time expended on this matter was not unreasonable or excessive.  (Aff. of Justin L. Swidler, Esq. in Reply to Def.'s Opp. to Pl.'s Mot. for Att'y Fees [Doc. No. 27] ¶¶ 2-5.)[6]  Counsel states that this case involved written discovery and depositions, required counsel to analyze and

---

5. Defendants also note that although the arbitration award included recovery for income wrongfully withheld from Plaintiff's paycheck, Plaintiff did not assert a claim for such relief in the complaint. (Defs.' Br. 9.)  Defendants assert that the statute pursuant to which such damages were awarded, N.J. Stat. Ann. § 34:11-4.4, does not provide for an award of attorney's fees. (Id.)

6. The Court notes that the affidavit filed on the docket by counsel is not signed.

calculate the discrepancies in separate time-keeping documents for the hours worked for each day of Plaintiff's employment, and required presentation of live testimony in an arbitration proceeding. (Id. at ¶¶ 8, 10.) Plaintiff's counsel also asserts that even if Plaintiff's claim was weak, that factor would warrant an enhancement of the counsel fee award because the risk of non-payment was purportedly increased. (Id. at ¶ 9.)

### III. DISCUSSION

The award of attorney's fees in this case is authorized under the FLSA. Pursuant to 29 U.S.C. § 216(b), the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Here, an arbitration award was entered in favor of Plaintiff in the amount of $2,962.26. No party demanded a trial de novo, and judgment was entered on behalf of Plaintiff in accordance with the arbitration award. Plaintiff accordingly is a prevailing party entitled to an award of attorney's fees.

In calculating a reasonable attorney's fee, the Court employs the "lodestar" formula, "which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 177 (3d Cir. 2001). "The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." Rode

v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). To meet this burden, the party must "'submit evidence supporting the hours worked and rates claimed.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 7 L. Ed. 2d 40 (1983)).[7] The burden then shifts to the party opposing a fee award to challenge with specificity the reasonableness of the requested fee, as the Court "cannot 'decrease a fee award based on factors not raised at all by the adverse party.'" Id. (citations omitted). Once the party opposing the fee award raises objections to the request for fees, the Court "has a great deal of discretion to adjust the fee award in light of those objections." Id.

The reasonableness of the hourly rate sought in an application for attorney's fees is determined by "the prevailing market rates in the relevant community." Loughner, 260 F.3d at 180 (citations omitted). In determining the hourly rate, the Court considers the experience and skill of the attorney and compares such rate to the rates charged in the community for similar services by lawyers of comparable skill, experience and

---

7. See also L. Civ. R. 54.2(a) (attorney seeking counsel fee must file, inter alia, affidavit setting forth nature of services rendered, results obtained, any particular novelty or difficulty about matter, record of dates of services rendered, description of services rendered on each of such dates, identity of person rendering service and description of person's professional experience, time spent rendering each service, and normal billing rate for each person for type of work performed).

reputation.  Id.

Here, Plaintiff's counsel provided affidavits from three attorneys who represent that the billing rate of $250.00 appears to be reasonable and consistent with rates charged by lawyers of comparable skill to Plaintiff's counsel in the communities in which counsel practices.  Plaintiff's counsel also represents by way of affidavit that his hourly billing rate ranges from $250.00 to $350.00 depending on the type of work performed.  (Swidler Aff. [Doc. No. 22-3] ¶ 6.)  Moreover, Defendants do not challenge the reasonableness of the hourly rate sought by Plaintiff's counsel.  The Court finds that the rate of $250.00 is a reasonable rate.

In calculating the hours reasonably expended, the Court "'should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.''"  Loughner, 260 F.3d at 178 (citations omitted).  The Court should "reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed, that were distinct from the claims on which the party did succeed, and for which the fee petition inadequately documents the hours claimed."  Id.

Defendants specifically object to the 6.2 hours Plaintiff's counsel purportedly spent drafting the complaint, arguing that it

should have taken no more than one hour to draft the complaint. (Defs.' Br. 2-3.)  Plaintiff explains that counsel expended 6.2 hours drafting the complaint because he met with Plaintiff while writing the complaint, interviewed Plaintiff "during the drafting stage," and reviewed documents with Plaintiff in preparation for the lawsuit.  (Swidler Aff. [Doc. No. 27] ¶ 3.)  However, the description of services does not set forth any meetings with Plaintiff during the drafting stage, and in fact demonstrates that Plaintiff's counsel spent an additional three and one-half hours meeting with Plaintiff to discuss the case before drafting the complaint.  Thus, it appears that Plaintiff's counsel spent almost ten hours meeting with his client and preparing the complaint, which time the Court deems excessive.  In so finding, the Court notes that the complaint is only seven pages long, containing six paragraphs that identify the parties, thirteen paragraphs in the factual background, and six general causes of action in the remaining paragraphs.  As Plaintiff's counsel met with Plaintiff for three and one-half hours prior to drafting the complaint to gather facts necessary to prepare the pleading, any additional time interviewing Plaintiff and reviewing documents with Plaintiff during the drafting stage was redundant.  The Court finds that an attorney with Plaintiff's counsel's stated expertise, experience and education should have been able to draft, revise and finalize the complaint in this relatively

uncomplicated matter in one hour. Consequently, the Court will reduce the hours billed for drafting the complaint by 5.2 hours.

Defendants next question the two hours incurred by Plaintiff's counsel in drafting written discovery requests. (Defs.' Br. 3.) Plaintiff's counsel responds that two hours was not an excessive amount of time to spend drafting discovery requests, particularly given that the discovery obtained pursuant to such requests assisted Plaintiff in proving his case. (Swidler Aff. [Doc. No. 27] ¶ 4.) The Court has reviewed Plaintiff's discovery requests and finds that two hours was an excessive amount of time to draft these documents. Plaintiff's First Set of Interrogatories contains fourteen interrogatories, and Plaintiff's First Request for Production of Documents contains twenty-two requests, the majority of which appear to be standard discovery requests in wage compensation cases. One hour would have been a reasonable amount of time for an attorney with Plaintiff's counsel's purported expertise, experience and education to prepare such requests.

Defendants also challenge the 49.2 hours that Plaintiff's counsel spent preparing for arbitration. (Defs'. Br. 3-4.) Defendants represent that in contrast to the 49.2 hours billed by Plaintiff's counsel, defense counsel billed only five hours in preparation for the arbitration. (Id. at 4.) Plaintiff's counsel explains that in preparing for the arbitration, he

drafted an arbitration memorandum, reviewed and outlined 340 pages of deposition transcripts, and analyzed and calculated the differences in hours worked for each day of Plaintiff's employment as shown in three separate time-keeping documents. (Swidler Aff. [Doc. No. 27] ¶¶ 6-8.)  The Court finds that the time spent by Plaintiff's counsel in preparation for the four hour arbitration was excessive.  Many of the tasks for which reimbursement is sought, such as outlining deposition transcripts, culling exhibits, and comparing time-keeping documents for discrepancies, could have been performed by a paralegal or administrative assistant.[8]  The Court finds that twelve hours would have been a reasonable amount of time for counsel to have prepared for a four hour arbitration.

Based on the foregoing, the Court concludes that 43.4 hours were unnecessarily expended by Plaintiff's counsel, and that 50.4 hours would have been a reasonable number of hours for

---

8.  Plaintiff represents that he has not sought reimbursement for paralegal or secretarial work.  (Swidler Aff. [Doc. No. 27] ¶ 10.)  Plaintiff did not include any logs for time incurred by paralegals, and it appears that a paralegal or administrative assistant could have performed, on counsel's behalf, some of the tasks for which reimbursement is now sought. Cf. Loughner, 260 F.3d at 180 ("A claim by a lawyer for maximum rates for telephone calls with a client, legal research, a letter concerning a discovery request, the drafting of a brief, and trial time in court is neither fair nor reasonable.  Many of these tasks are effectively performed by administrative assistants, paralegals or secretaries.").

Plaintiff's counsel to litigate this matter.[9]  As the Court determined that Plaintiff is entitled to $250.00 per hour as a reasonable hourly rate, the lodestar in this case is $12,600.00.

Once the Court calculates the lodestar, such amount is "presumed to be the reasonable fee."  Rode, 892 F.2d at 1183 (citing Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).  The Court, however, has discretion to adjust the lodestar upon a showing by a party seeking an adjustment that such adjustment is necessary.  Id.  The Court may adjust the lodestar downward "if the lodestar is not reasonable in light of the results obtained," such as where an attorney spends time "litigating wholly or partially unsuccessful claims that are related to the litigation of the successful claims."  Id.; see also Hensley v. Eckerhart, 461 U.S. 424, 440, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (in holding that extent of plaintiff's success is a "crucial factor" in award of attorney's fees under 42 U.S.C. § 1988, Supreme Court noted that "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole.").

Alternatively, the Court may adjust the lodestar upward in

---

9.  From the 93.8 hours for which Plaintiff seeks reimbursement, the Court subtracts 5.2 hours for excessive time drafting the complaint, 1 hour for excessive time drafting written discovery, and 37.2 hours for excessive time preparing for arbitration, for a total of 43.4 unnecessary hours spent in this matter.

limited circumstances, including to account for delay in payment by using current hourly rates rather than historic rates, or to account for superior legal work that "'far exceeds the expectations of clients and normal levels of competence.'" Rode, 892 F.2d at 1184 (internal quotation omitted). The Court may not, however, enhance the lodestar solely because a case is brought on a contingency basis. City of Burlington v. Dague, 505 U.S. 557, 566, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992) ("Contingency enhancement is therefore not consistent with our general rejection of the contingent-fee model for fee awards, nor is it necessary to the determination of a reasonable fee.")[10]

In the present application, Plaintiff seeks a fifteen percent lodestar enhancement, citing Rendine v. Pantzer, 661 A. 2d 1202, 141 N.J. 292 (1995). In Rendine, the New Jersey Supreme Court held that a trial court "should consider whether to increase [the lodestar amount] to reflect the risk of nonpayment in all cases in which the attorney's compensation entirely or substantially is contingent on a successful outcome." Rendine, 661 A.2d at 1227, 141 N.J. at 337. However, the approach to the

---

10. In City of Burlington, the Supreme Court addressed the fee-shifting provisions of the Solid Waste Disposal Act, 42 U.S.C. § 6972(e), and the Federal Water Pollution Control Act, 33 U.S.C. § 1365(d). The Supreme Court noted that the language in these provisions "is similar to that of many other federal fee-shifting statutes" and that "our case law construing what is a 'reasonable' fee applies uniformly to all of them." Id. at 562, 112 S. Ct. at 2641.

issue of contingency enhancement set forth in Rendine applies to prevailing parties under the New Jersey Law Against Discrimination and "is a marked departure from the Supreme Court's interpretation and application of federal fee-shifting statutes." Coleman v. Kaye, 87 F.3d 1491, 1511 (3d Cir. 1996), cert. denied, 519 U.S. 1084, 117 S. Ct. 754, 136 L. Ed. 2d 691 (1997).  As set forth above, the Court may not make an upward adjustment of the lodestar solely because of the contingent nature of the case.  Accordingly, Plaintiff's request for a fifteen percent enhancement of the lodestar is denied.

Defendants appear to argue that the Court should reduce the lodestar because Plaintiff was awarded only $2,962.26 at arbitration when he sought an award of $28,740.26.  (Defs.' Br. 9.)  As noted above, the Court may consider whether the relief obtained by a plaintiff is "limited in comparison to the scope of the litigation as a whole." Hensley, 461 U.S. at 440, 103 S. Ct. at 1943.  Here, although Plaintiff was awarded overtime pay under the FLSA, which was the "primary claim" at issue in this case, the arbitrator limited Plaintiff's recovery for overtime wages to the 81.5 unpaid hours that were documented in Defendants' records.  (See Arbitration Award [Doc. No. 21] 3.)  Plaintiff thus recovered only approximately twelve percent of the damages

15

sought.[11]  As the Supreme Court stated in Hensley, "[i]f . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount[,] . . . even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith."  Hensley, 461 U.S. at 436, 103 S. Ct. at 1941.  The most "critical factor" for the Court to consider is the "degree of success obtained."  Id. The Court finds in light of Plaintiff's limited success at arbitration that the expenditure of counsel's time was not reasonable in relation to the success achieved.  Therefore, the Court in its discretion will reduce the fee award to account for Plaintiff's limited success at arbitration.[12]

---

11.  The Court notes Defendants' argument that a portion of Plaintiff's recovery was based on the arbitrator's determination that Defendants violated N.J. Stat. Ann. § 34:11-4.4, even though the complaint did not contain a cause of action as to this claim. (Defs.' Br. 9.)  As set forth herein, the Court finds that the disproportionate relation between the damages sought and those awarded, even including the award for a violation of N.J. Stat. Ann. § 34:11-4.4, warrants a reduction in the attorney's fee.

12.  In so finding, the Court notes that FLSA claims may involve relatively small monetary awards, and the Court should not reduce a fee award solely on the basis that the attorney's fees are disproportionate to the damage award.  See Heder v. City of Two Rivers, 255 F. Supp. 2d 947, 955-56 (E.D. Wisc. 2003) ("'[G]iven the nature of claims under the FLSA, it is not uncommon that attorneys fee requests will exceed the amount of the judgment in the case.'" )(quoting Holyfield v. F.P. Quinn & Co., No. Civ. A. 90-C-507, 1991 WL 65928, at *1 (N.D. Ill. Apr. 22, 1991).  Here, the Court has not considered the amount of the arbitration award in relation to the amount of attorney's fees.  Rather, the Court compares the amount of the arbitration award to the amount of

In determining the amount by which the attorney fee award will be reduced, the Court notes that it appears the time expended by Plaintiff's counsel was devoted to the litigation as a whole, and that the hours cannot be apportioned between Plaintiff's claim for 81.5 overtime hours and his claim for additional overtime hours.  Plaintiff's counsel fee award will be reduced by fifteen percent to account for Plaintiff's limited success, but the Court will not further reduce the fee award in light of the interrelated nature of the claims.

### III. CONCLUSION

For the reasons set forth above, the Court believes that a reduction in awarded fees is appropriate.  Consequently, Plaintiff's motion for attorney's fees is granted in part and denied in part.  The Court will reduce the attorney's fee award from the requested $26,967.50 to $10,710.00.  An Order consistent with this Opinion will be entered.

Date: September 21, 2011          s/ Noel L. Hillman
                                  HON. NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

damages initially sought by Plaintiff and concludes that Plaintiff's success at arbitration was limited given that he recovered less than twelve percent of the damages sought.